# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ELIZABETH SPIVEY-JOHNSON,
formerly known as
ELIZABETH PENDERGAST,

      **Plaintiff,**

  vs.                                                 Case No. 05-C-0070

PAPER ALLIED IND.
CHEM. AND ENER. UNION, and
GEORGE TORRES

      **Defendants.**

## DECISION AND ORDER

      On August 3, 2005, *pro se* plaintiff Elizabeth Spivey-Johnson, formerly known as Elizabeth Pendergast ("Spivey-Johnson"), submitted a proposed amended complaint. The proposed amended complaint includes George Torres ("Torres") as a defendant and allegations that he slandered Spivey-Johnson.

      This proposed amended complaint was preceded by a motion to amend and add a party, which was denied by the Court's July 18, 2005, decision and order. In that decision and order, the Court discussed the applicable standards for amendment of a complaint and amendment of a complaint to add a defendant and indicated that Spivey-Johnson had stated an arguable claim against Torres for slander under Wisconsin law and that 28 U.S.C. § 1367 afforded supplemental jurisdiction over such claim. (Court's July 18, 2005, Decision and Order at 11-13.) However,

the motion was denied because Spivey-Johnson had not filed an original of her proposed amended complaint as required by Civil L.R. 15.1 (E.D.Wis.).

Now, Spivey-Johnson submitted an appropriate proposed amended complaint, but no motion. Rule 7 of the Federal Rules of Civil Procedure provides: "[a]n application to the court for an order shall be by motion which, unless made during a hearing, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." While a *pro se* litigant will "benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (citation omitted). The case law would support an order requiring Spivey-Johnson to file a proper motion to amend and add defendant.

However, under these unique circumstances, the Court will construe Spivey-Johnson's proposed amended complaint as a renewed motion to file an amended complaint and add a defendant. Relying upon its prior analysis of Spivey-Johnson's proposed amendment, the Court grants Spivey-Johnson's renewed motion to amend and add a defendant as to her slander claim against Torres and directs the Clerk of Court to file the amended complaint. Since Spivey-Johnson proceeds *in forma pauperis* in this action and there is no indication in the file that the original defendant has been served, the United States Marshal is instructed to serve the amended complaint upon the two defendants listed in the above caption.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Spivey-Johnson's renewed motion to amend and add defendant is **GRANTED**; and,

The Clerk of Court is **SHALL** file the proposed amended complaint which was received on August 3, 2005,

The United States Marshal **SHALL** serve a copy of the **amended complaint** in the Case No. 05-C-0070, the summons, and this order upon the Paper Allied Ind. Chem and Ener. Union and Torres pursuant to Federal Rule of Civil Procedure 4;

The parties are **NOTIFIED** that they are required to send a copy of every paper or document filed with the Court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The parties should also retain a personal copy of each document. If the parties do not have access to a photocopy machine, they may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the other parties or to their attorney(s);

Spivey-Johnson is further **ADVISED** that failure to make a timely submission may result in the dismissal of this action for failure to prosecute; and,

In addition, the parties **MUST** notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 4th day of August, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**